## GENERAL COURT, (E. S.) SEPT. TERM, 1800.

### FRAZIER *vs.* HYLAND.

*Where A being indebted to B for goods sold on a credit, for which, according to the custom of merchants, interest was to be charged, and A afterwards pays the amount of the principal without directing how it wa- to be applied, such payment is to be applied first to the discharge of the interest due, and then the balance to the discharge of the principal.*

ASSUMPSIT for money due for goods, wares and merchandizes, sold by the plaintiff to the defendant. The plaintiff was a merchant of Baltimore, and the defendant a retail merchant of Somerset county. It was admitted, on the part of the defendant, that it was the *custom* of the *merchants* of Baltimore, when retail merchants in the country bought goods of them, on credit, after the expiration of *six months* credit, to charge interest on the principal sum due for such goods, calculating such interest from the expiration of the said six months. It appeared in evidence, that the plaintiff had drawn an order on the defendant for 220*l*, the amount of the sale of said goods, and of the interest charged, according to the admitted custom of charging it. The defendant refused to accept the order; but on a subsequent meeting of the plaintiff and defendant, the latter agreed to accept an order for 198*l*, that being the principal due, without interest. From this it appeared, that the only subject of dispute was the claim of interest.

*J. Bayly,* for the defendant, moved the court to direct the jury, that if they should be of opinion from the evidence, that the *principal* sum was paid, the action could not be sustained for the interest.

THE COURT said, that as there was no evidence of the *application* of the payment, they would direct the jury that the payment in such *case* was to be applied, first to the discharge of the interest due, and then the balance to the discharge of the principal. Verdict for the plaintiff.

*Hammond* and *Harper*, for the plaintiff.

*Martin*, (Attorney General,) *Key* and *J. Bayly*, for the defendant.