(Decided 30th January, 1873.)

---

ABRAHAM JOHNSON, Garnishee of WILLIAM H. COWAN *vs.* DAVID LEMMON.

*Attachment—Construction of the Act of 1862, ch. 262.*

On the 5th of April, 1871, an attachment under the Act of 1862, ch. 262, was issued on a judgment rendered on the 10th of September, 1860. There was no stay of execution .on the judgment, nor was it revived by *scire facias.* The attachment, returnable to the ensuing May Term, was laid in the hands of A. J., garnishee of the defendant in the judgment. The writ contained no clause of *scire facias* as to the defendant. At May Term, on the return day, a judgment of condemnation *nisi* was entered against the garnishee, he having failed to appear, and at the September Term, on the 19th of October, 1871, upon this judgment of condemnation a *fieri facias* was issued. Shortly after the issuing of the *fieri facias*, and during the same term, the garnishee appeared by petition and prayed, for reasons therein stated, that the judgment and execution theron be set aside and annulled. This application was refused. On appeal it was HELD:

. That the attachment was defective in not containing a clause of *scire facias* as to the defendant in the judgment; and it not appearing from the sheriff's return, or any other part of the proceedings, that the defendant was ever made aware of the issue and levy of the attachment, the judgment entered thereon against the garnishee should be set aside and the attachment itself quashed.

The attachment under the Act of 1862, ch. 262, to some extent, performs the double office-of execution and *scire facias.* It calls upon the defendant to shew cause why condemnation should not be had of the property, rights or

credits seized under the attachment. He has the right to appear and plead to the attachment; and unless he has been duly warned of the time and place for his appearance to make defence to the writ, no judgment of condemnation thereon can be rendered.

If both the defendant and garnishee fail to appear at the regular call of the docket, judgment of condemnation *nisi* may be entered; but upon the appearance of either at any time during the Term, such judgment should be stricken out, and the party allowed to defend against condemnation.

If the defendant regularly appear during the Term, according to the exigency of the writ, and make defence, no judgment of condemnation should be entered until such defence is fully tried and determined.

The omission in a writ of attachment under the Act of 1862, ch. 262, of a clause of *scire facias* as to the defendant, does not render the writ absolutely null and void, but voidable only. It is such a defect as the garnishee should be allowed to take advantage of in resistance of a judgment of condemnation.

APPEAL from the Superior Court of Baltimore City.

The judgment on which the attachment in this case was issued, was rendered on the 10th of September, 1860, in favor of the appellee, against William H. Cowan, for $670. The attachment for $670, with interest from September 10th, 1860, and costs, was issued on the 5th of April, 1871, and on the 8th of the same month, was laid in the hands of the appellant as garnishee, returnable to the ensuing May Term. At May Term, on the return day, condemnation *nisi* was entered against the appellant, he having failed to appear, and at the September Term, on October 19th, 1871, a *fieri facias* was issued against him for $670, with interest from 10th September, 1860, and $6.23 costs.

On the 1st of November, 1871, the appellant, by his attorney, R. J. Brent, Esq., filed a petition, stating, that at the time he was served with the attachment, he understood the deputy sheriff to say that it would be time enough for him to appear at September Term, 1871, and knowing nothing of forms, he relied on the statement;

that he was not indebted to Cowan, who had sued him, in the Court of Common Pleas, and having employed counsel to resist that suit, he supposed that he could suffer no detriment, if he appeared to the attachment at the September Term; that he had been informed, however, by his counsel, of the entry, &c., of judgment *nisi*, &c., &c.; that Cowan was his debtor, and was so when the attachment was issued, and that he was ready to prove it. He claimed that the attachment was irregu-. larly issued, for the following reasons:

1st. Because under the Act of 1862, ch. 262, the attachment having been issued more than three years after the date of the judgment, the same was subject to the same defences by the defendant as in cases of *scire facias;* and that to entitle the plaintiff, Lemmon, to the benefit of the attachment without any previous *scire facias*, the defendant, Cowan, was at least entitled to the same time that he would have been entitled to if a *scire facias* had issued on the judgment, and no judgment by default could be taken against the petitioner, as his garnishee, until the second and then pending term of the Court, as such would have been the course of proceedings on a *scire facias*.

2d. Because in cases of attachment on judgment the plaintiff should proceed under the 16th section of Art. 10 of the Code of Public General Laws, which the plaintiff, Lemmon, did not do, but irregularly and illegally obtained a judgment of condemnation without any evidence being shown to the Court touching the amount of credit, if any, in the hands of the petitioner.

3d. Because the judgment was for the costs of the attachment suit, in addition to the debt, and that this was in contravention of the 14th section of Art. 10 of the Code of Public General Laws.

4th. Because the plaintiff, Lemmon, knew that the petitioner disputed the suit and claim of Cowan, and

denied all indebtedness to him, and being apprised of said dispute and denial, it was a fraud on the petitioner for the said Lemmon to obtain said condemnation, and to seek to enforce the same by *fieri facias,* as he was doing. The petitioner prayed that the judgment and the writ of *fieri facias* issued thereon might be set aside and annulled, and the case brought forward for trial.

The petition was sworn to, and subsequently the petitioner filed an affidavit, in which, among other things, he stated that the suit by Cowan against him had been agreed; and in proof thereof he filed a short copy of the docket entries from the Court of Common Pleas, by which it appeared that the entry of "agreed" was made on the 9th of October, 1871. The affidavit further showed that the deputy sheriff, when he served the attachment, told the affiant, that it was only intended to attach such judgment as Cowan might obtain; the truth of this was further sustained by an affidavit of a witness present at the time.

The appellee filed no answer to the petition, but contented himself with excepting to the admissibility in evidence of the affidavits and the docket entries filed by the petitioner.

On the 5th of February, 1872, the Court (DOBBIN, J.,) overruled the motion of the petitioner, and hence the present appeal.

The cause was argued before BARTOL, C. J., BRENT, MILLER, ALVEY and ROBINSON, J.

*S. Teackle Wallis,* for the appellant.

The exception of the appellee to the appellants, was not well taken. This Court in *Lambden vs. Bowie,* 2 *Md.,* 340; does not adjudge *ex parte* affidavits to be inadmissible in support of motions. It only determines, that where the truth of the facts stated is not admitted,

reasonable opportunity should be given for the production of evidence, (other than *ex parte* affidavits) to be taken as the Court may direct. Here there was no denial of the facts averred in support of the motion, nor was there any exception to the admissibility or sufficiency of the facts themselves, or to the petition. If, therefore, the Court thought that *ex parte* affidavits did not furnish sufficient ground for its action, it should have directed the parties to take proof in some prescribed mode. *Gittings vs. State*, 33 *Md.*, 463.

The same reasoning applies to the short copy of the docket entries from the Court of Common Pleas. All of the Courts, of which the Judges compose the Supreme Bench, are practically one tribunal with distributed functions. All their writs and other process are attested by the Chief Judge of the Supreme Bench, so that they are in no sense altogether disconnected, and a certified extract of entries from the docket of any of them, ought to be received as *prima facie* evidence by the rest, especially where their truth is not denied. If the Court desired a full record, it should have so said, in a summary proceeding like this.

By the terms of the fourteenth section of Article 10 of the Code, attachment on execution cannot be levied for any costs but those of the attachment itself. The attachment in this case was for the costs, as well as principal and interest of the original judgment. *Hinkley and Mayer on Attachments*, 93, (sec. 239.)

Until the Act of 1862, ch., 262, an attachment could not issue upon a judgment after the lapse of three years, without its previous revival by *scire facias*. *Boyd vs. Talbott*, 7 *Md.*, 407.

The Act of 1862, ch. 262, removed the necessity for the previous *scire facias*, and also the bar of limitation, but provided expressly, that where the judgment should be more than three years old, all attachments thereupon

should "be subject to the same defences by the defendant, as is cases of *scire facias.*" Whatever defences the defendant could set up, the garnishee could raise for him, of course. By this legislation, then judgment creditors, attaching after three years, were not clothed with the right to a condemnation *nisi*, as, of course, on the return of the writ, but the case was required to take the usual course of a *scire facias*, and judgment could only have been rendered at the first term, in the usual way, upon default of appearance, &c., under the ordinary rules. The judgment of condemnation, therefore, as taken, was illegal and irregular, and void in itself.

Under the Act of 1862, there should have been a summons and *scire facias* directed to and served upon the defendant. The omission of these is fatal to the whole proceeding.

The motion, on its merits, addressed itself strongly to the equitable consideration of the Court, and should have been granted.

The averment is, that the appellant was not indebted to Cowan at all, but was, on the contrary, his creditor; that the appellee was aware that the appellant denied indebtedness to Cowan, and issued his attachment with such knowledge; that the appellant was misled by the statement of the deputy sheriff, when the attachment was served, and supposed that by defending Cowan's suit, he would protect himself from all liability as Cowan's garnishee; that, being thus misled, he did not employ counsel till the September Term came round, when he found that judgment had already gone against him. None of these facts are denied, and the case comes up as if upon a demurrer to the motion, and admitting them. The appellant being an ignorant man, and there being no impeachment of his good faith or truthfulness, the facts establish as clear a case of surprise as could be stated. *Green vs. Hamilton*, 16 *Md.*, 317; *Kemp vs. Cook*, 18 *Md.*, 130; *Montgomery vs. Murphy*, 19 *Md.*, 576.

*Alexander H. Hobbs*, for the appellee.

The motion of the appellant, that the judgment and the *fieri facias* issued thereon, should be set aside and annulled, not having been made during the term at which the judgment of condemnation was entered, was too late, and the motion was properly overruled. *Hall et al. vs. Holmes*, 30 *Md.*, 558 ; *Sherwood vs. Mohler, et al.*, 14 *Md.*, 564 ; *Dawson, admr. vs. Contee*, 22 *Md.*, 27 ; *Freidenrich, et al. vs. Moore, et al.*, 24 *Md.*, 308 *and* 309 ; *Windwart vs. Allen*, 13 *Md.*, 196 ; *Boyd, et al. vs. Chesapeake and Ohio Canal Company*, 17 *Md.*, 209 *and* 211 ; *Anders vs. Devries, et al.*, 26 *Md.*, 222 ; *Post and Barrett vs. Bowen, Garnishee*, 35 *Md.*, 235 *and* 236.

ALVEY, J., delivered the opinion of the Court.

The attachment in this case by way of execution was issued on the 5th of April, 1871, on a judgment rendered on the 10th of September, 1860. There does not appear to have been any stay of execution of the judgment, nor has the judgment ever been revived by *scire facias*.

The attachment was laid in the hands of the appellant as garnishee of the defendant in the judgment; and, failing to appear at the return term, judgment of condemnation was entered against him in the usual way. Upon the judgment of condemnation a *fieri facias* issued on the 19th of October, 1871.

After the term had elapsed to which the attachment was returnable, and after the issuing of the *fieri facias*, but during the next succeeding term of the Court, the appellant appeared by petition, and prayed that the judgment and execution thereon, be set aside and annulled, for reasons stated in the petition. This application was refused, and hence this appeal.

That the garnishee can take advantage of any defect in the attachment, is well settled ; (*Harden vs. Moore*, 7 *H. & J.*, 4 ;) and there being a radical defect in the

attachment in this case, we think the judgment entered thereon against the garnishee should have been set aside, and the attachment itself quashed.

The attachment was issued after the lapse of more than ten years from the rendition of the judgment. This judgment at the date of the attachment, was not subject to execution in the ordinary course of proceeding, until regularly revived by *scire facias;* for, after the lapse of three years from the date of the judgment, or from the expiration of the stay of execution, the presumption is that the judgment has been paid or that execution has been released, and therefore it is, that the plaintiff in the judgment is put to his *scire facias* to revive it, to which the defendant may appear, and plead in the same manner as to an action founded upon an original writ. *Mullikin vs. Duvall,* 7 *Gill & J.,* 355, 359; 2 *Tidd's Pr.,* 1103; 2 *Inst.,* 470. But, by the Act of 1862, ch. 262, it is provided, that execution by way of attachment may issue at any time within twelve years from the date of the judgment, "and if more than three years have elapsed after the date of the judgment, or expiration or removal of the stay thereon, the said attachment shall be subject to the same defences by the defendant as in cases of *scire facias.*" The attachment under this Act, performs the double office of execution and *scire facias;* that is, to some extent. It is not, it is true, a *scire facias* for the purpose of reviving the judgment, and procuring an award of execution. But, having reference to the presumption of payment or release, it calls upon the defendant to shew cause why condemnation should not be had of the property, rights or credits seized under the attachment. To this attachment, the defendant in the judgment has a right to appear and plead. As a condition, therefore, upon which judgment of condemnation can be rendered on such attachment, it must appear that the defendant has been duly warned of the time and place for his appearance to make

defence to the writ. On failure of both the defendant and garnishee to appear, at the regular call of the docket, judgment of condemnation *nisi* may be entered, as was done in this case; but, upon the appearance of either at any time during the term, such judgment *nisi* should be stricken out, and the party allowed to defend against condemnation. If the defendant regularly appears during the term, according to the exigency of the writ, and makes defence, no judgment of condemnation should be entered until such defence is fully tried and determined. For otherwise execution might issue on the judgment of condemnation, or the garnishee hasten to pay to the plaintiff, before it had been determined whether the original judgment had been paid or otherwise discharged.

On examination of the writ of attachment in this case, it appears that while it is in all other respects formal and proper, with a clause of *scire facias* as to the garnishee, there is a total omission of any such clause as to the defendant in the judgment. The sheriff, to whom the writ was directed, was commanded to make known the writ, and his action under it to the garnishee, that he might be in Court, at the time and place designated, to shew cause against condemnation; but there was no such command as to the defendant; and there is nothing either in the sheriff''s return or any other part of the proceedings that shows that the defendant was ever made aware of the issue and levy of the attachment. The writ should contain on its face such command as to notice as would justify its issue; and as the law secures to the defendant the right to appear and plead to the writ, it is proper and essential that he be made a party to it, and receive due notice of its issue. Here, all command or direction as to notice has been omitted; and because of this omission we think the writ insufficient and voidable, and that the garnishee should have been allowed to take advantage of the defect. The defect is such as to entitle

him, under the well established power of the Court, re-
cognized by section 38 of Article 75 of the Code, to be
heard at the time and under the circumstances of his
application, in resistance of the condemnation and exe-
cution thereon. *Kemp and Buckley vs. Cook and Ridgely*,
18 *Md.*, 130.

It is proper that we should say, however, that we do
not regard the writ of attachment in this case as abso-
lutely null and void. In our opinion it is voidable only.
*Miles vs. Knott*, 12 *Gill & J.*, 442, 453.

The case being finally disposed of in the views ex-
pressed, it becomes unnecessary to refer to the several
other questions presented in the arguments at bar.

*Judgment reversed and
attachment quashed.*

(Decided 30th January, 1873.)