JAMES M. ANDERSON, Garnishee of THOMAS CARROLL
vs. JAMES H. GRAFF.

*Attachment on Judgment— When clause of Sci. Fa. need not be
inserted in the Writ— When objection to such insertion should be
made—Defects in Sheriff's return—Bond not necessary in
issuing Execution— What does not constitute such Fraud or
Surprise as will warrant Courts in striking out Judgment of
Condemnation after the Term.*

It is not necessary to insert the clause of *scire facias* in a writ of attachment
on judgment, where three years,[*] have not elapsed since the rendition of
the judgment; but, if inserted, it will not render the writ invalid.

An objection of this kind could be made only during the term at which the
judgment of condemnation was entered.

A writ of attachment and summons was returned by the sheriff and judgment
rendered in a case. There was no date noted on the writ to show when it
was filed or returned. HELD:

That in the absence of proof to the contrary, the legal intendment was that
the writ was returned before the judgment was rendered. In this case there
was proof.

The sheriff's return endorsed on a writ of attachment was in these words:
"Laid in the hands of James M. Anderson, on the 14th of June, 1873, at
9 o'clock A. M.; also laid in the hands of James M. Anderson, on the 9th
of August, 1873, at 12.45 o'clock P. M., in presence of C. Hancock, and
garnishee summoned." HELD :

That the service of the writ was not defective, or invalid, because it appeared
to have been laid in the hands of the garnishee on two different days.

Where a judgment of condemnation on an attachment on judgment in the
City of Baltimore, has become absolute by the lapse of the term at which it
was entered, execution may be immediately issued without giving bond.

[*]See Act of 1874, ch. 320.

A writ of attachment on judgment was laid in the hands of A. as garnishee, who was at the time City Collector of Baltimore. C., the judgment debtor, was an employé in the Collector's Office. The writ was served on A. at his public office. A. not having appeared judgment of condemnation was entered against him, which, by the lapse of the term, became absolute. On motion to strike out the judgment, A testified, "that the circumstances attending the service led him to believe that the attachment was laid in his hands as such City Collector and not individually:" that, so believing, he did not employ counsel being informed that the law officers of the City would be advised of the case by the dockets and would appear; that "by reason of the attachment having been laid in his hands individually he was unjustly misled and deprived of a fair opportunity to make his defense;" and that he was not and never had been indebted to C. HELD:

That these facts furnished no sufficient reason for striking out the judgment.

APPEAL from the Superior Court of Baltimore City.

This case arose out of an attachment on judgment. James H. Graff, on the 10th day of July, 1872, recovered against Thomas Carroll a judgment for $430.47 and costs. On the 13th day of June, 1873, an attachment was issued on this judgment, returnable to the second Monday in September, 1873. The writ of attachment was returned with the following endorsement: "Laid in the hands of James M. Anderson, on the 14th day of June, 1873, at 9 o'clock, A. M.; also laid in the hands of James M. Anderson, on the 9th of August, 1873, at 12.45 o'clock, P. M., in the presence of C Hancock, and garnishee summoned. Geo. P. Kane, Sheriff." On the 9th day of September, neither the garnishee nor judgment debtor appearing, condemnation *nisi* was entered against the garnishee, and on the 15th day of January, 1874, a writ of *fieri facias* was issued. Thereupon Anderson, by his attorney, filed a motion to set aside the execution and to strike out the judgment, and petitioned the Court to order a suspension of the proceedings under the execution. The petition was granted, and the motion to set aside and to strike out was heard on affidavits, the substance of which is sufficiently given in the opinion of the Court.

On the 7th of February, 1874, the counsel of Anderson filed a motion to strike from the writ of attachment an endorsement in these words : " Fd. 8 September, 1873," because it was not made at the day of filing, but was made during the January term, 1874.   The Court clerk testified that the endorsement in question had been placed on the writ by him after the issuing of the *fi. fa.*, and after his attention had been called to the omission ; but that said endorsement stated the truth and was correct.   The Court refused to strike out either the endorsement or the judgment.   The garnishee appealed.

The cause was submitted on briefs to BARTOL, C. J., BRENT, GRASON, MILLER and ROBINSON, J.

*Albert Ritchie,* for the appellant.

Attachment on judgment cannot be levied for any costs but those of the attachment itself.   *Md. Code, Art.* 10, *sec.* 14 ; *Hinkley and Mayer on Attachments,* 93, *(sec.* 239.)

It does not appear from the docket that the writ had been returned when judgment *nisi* was entered.   It was not marked filed until after execution issued and motion made.   The clerk has no right to supply docket omissions after a lapse of five months.   It would be to substitute his recollection for the record.   It should appear affirmatively that return had been made.   If the writ had not been returned, the garnishee was not in Court, and the judgment was irregular, and if it had been, then the record was false.   *Graff vs. M. & M. T. Co.,* 18 *Md.,* 364.

The writ was irregular in containing the summons against the defendant.   If more than three years had elapsed, the summons would have been necessary.   *Act* 1862, *ch.* 262 ; *Johnson vs. Lemmon,* 37 Md., 343.   This clause of summons has been introduced into the old form of writ since the decision of *Johnson vs. Lemmon,* but it is improper, unless the judgment is of more than three years.

*Hink. and May. on Attachts.*, 195. But being in the writ, it should not have been ignored. From such a writ, the garnishee has a right to infer that the defendant will be summoned, and be in Court to attend to the case. Otherwise its manifest tendency is to deceive him.

Two separate levies were made under the same writ, laid in the hands of the same garnishee, purporting to attach different credits, and a double return made thereon, but only one suit docketted, and it does not appear upon which of said levies and returns this suit is entered, nor upon which the said judgment is obtained.

The judgment was obtained by surprise and deceit. Anderson was city collector, and Carroll an employé under him. Under such circumstances, to lay the attachment in his hands *individually*, when there was no pretence, or idea, that individually he owed the defendant anything, was calculated to deceive and mislead him, which, as his petition shows, was the consequence. Had it been laid in his hands as collector, the appearance of one of the city's attorneys would have been entered for him.

The defendant's attorney testifies that he knew Carroll was an employé in the city collector's office, but had no knowledge whatever whether or not James M. Anderson individually held moneys of said Carroll, or was individually indebted to said Carroll on any account whatever.

*Orlando F. Bump*, for the appellee.

A judgment *nisi* is a motion of course, and no inquisition is necessary. *Evans' Practice*, 137 ; *Friedenrich vs. Moore*, 24 *Md.*, 295 ; *Walters vs. Munroe*, 17 *Md.*, 501 ; *Post vs. Bowen*, 35 *Md.*, 232. By the lapse of the term this judgment became final. *Sherwood vs. Mohler*, 14 *Md.*, 564.

A party who is himself in default, by disregarding the process of the Court, whether contemptuously or not, must present a strong case in order to justify the striking out of

a judgment. *Green vs. Hamilton*, 16 *Md.*, 317 ; *Frieden-rich vs. Moore*, 24 *Md.*, 295. Where the process is regularly served on the defendant, he cannot set up surprise in the obtaining of the judgment. *Peters vs. League*, 13 *Md.*, 58 ; *Windwart vs. Allen*, 13 *Md.*, 196. There is no evidence of any fraud in this case. *Friedenrich vs. Moore*, 24 *Md.*, 295.

A *sci. fa.* clause was inserted in the attachment, and on that there was a return of *non est*, but as the attachment was issued within *one year* after the rendition of the judgment, the case does not come within the decision in the case of *Johnson vs. Lemmon*, 37 *Md.*, 336. The *sci. fa.* clause was merely surplusage, and surplusage never vitiates. *Broom's Legal Maxims*, 627.

By the local laws of Baltimore city, execution may issue immediately after the rendition of the judgment. *Supplement to the Code*, 392, *Art. 4 Public Local Laws, sec.* 178.

No evidence was produced in this case that supports the motion, or shows that the appellant has a meritorious defense. The making of the endorsement on the back of the writ is an act that the clerk had a right to do, in order to make his records conform to the truth. Clerical errors may be corrected. *McCoy vs. Boyle*, 10 *Md.*, 391.

The attachment was issued under Art. 10, sec. 30. Under this section it has been held that no attachment could be issued after three years. *Boyd vs. Talbot*, 7 *Md.*, 404.

The Act of 1862, ch. 262, did not repeal sec. 30 of Art. 10.

The costs in the original case are made a part of the judgment

BARTOL, C. J., delivered the opinion of the Court.

In our opinion the order of the Superior Court, overruling the appellant's motion to set aside the execution, and

strike out the judgment of condemnation in this case ought to be affirmed.

The reasons assigned in support of the motion were founded, 1st. Upon alleged defects in the writ of attachment, and irregularity in the proceedings under it, and in the issuing of execution upon the judgment; and 2nd. Upon alleged fraud or surprise practiced upon the appellant, in the service of the writ, and in entering the judgment.

1st. The writ of attachment contained a clause of *scire facias*, which by the Act of 1862, ch. 262, is necessary in all cases where an attachment by way of execution is issued after the lapse of three years from the date of the judgment, *Johnson vs. Lemmon,* 37 *Md.*, 336; but such a clause is not necessary, where, as in this case, three years have not elapsed after the rendition of the judgment. But while it is not required, it does not render the writ invalid or defective; but will be treated as mere surplusage. We may add, that an objection of this kind, could be made only during the term at which the judgment of condemnation was entered; after it had become absolute by the lapse of the term it would be too late. *Windwart vs. Allen,* 13 *Md.*, 197 ; *Friedenrich vs. Moore,* 24 *Md.*, 296. The writ was issued on the 13th of June, 1873, and was returnable the second *Monday of* September, 1873. The judgment was entered on the 9th of September, in the same year. The sheriff's return does not show on its face when the writ was returned, and we have not the docket entries before us. But the legal intendment would be, in the absence of proof to the contrary, that the writ had been returned before the judgment was rendered. Besides, there is endorsed on the writ by the *Court* clerk, "*Fd. 8th September,* 1873." It appears by the affidavit of the clerk, that this endorsement was made after the execution was issued, his attention having then been called to the matter ; and he states that "the endorsement states the truth, and is correct."

The sheriff's return was as follows : "Laid in the hands of James M. Anderson, on the 14th of June, 1873, at 9 o'clock, A. M.; also laid in the hands of James M. Anderson on the 9th of August, 1873, at 12.45 o'clock, P. M., in presence of C. Hancock, and garnishee summoned." It is contended that the service was irregular and defective, because it appears that the writ was laid in the hands of the garnishee on two different days. That would be no valid objection even if it had been made in time, and though it appeared that the writ had been regularly and sufficiently served on both days. In this case, however, it appears that the service made on the 14th of June, was defective by reason of a failure to summon the garnishee ; in such case it was the sheriff's duty, to serve the writ according to law, and no valid objection can be made to his proceedings in this particular. The attachment having been issued upon a judgment; the appellee was entitled to issue execution as soon as the judgment of condemnation thereon had become absolute by the lapse of the term at which it was entered. In such case no bond is required, as where the judgment is in attachment upon original process. *H. & M. on Attachment, sec.* 170.

It follows from what we have said, that there was no defect in the writ, or any irregularity in the proceedings under it, which can entitle the appellant to have the judgment stricken out, or the execution thereon set aside.

2nd. The next question is, whether the facts disclosed in the record establish the charge of fraud or surprise practiced upon the appellant.

It appears that the appellant was, at the time the attachment was issued, the *City Collector*, and *Thomas Carroll*, against whom the original judgment had been rendered was an employé under him in the office. The writ was served upon the appellant at his public office, and he states "that the circumstances attending the service led him to believe that the attachment was laid in his hands as such

City Collector, and not individually." And so believing, he did not incur the expense of retaining private counsel, being informed that had the attachment been laid in his hands as collector, the attention of the city counsellor, or city solicitor would be called to the case by the docket, and the appearance of one of them would be entered to the case. "But by reason of the attachment having, under the authority of the attorney who ordered the writ, been laid in his hands individually, he was unjustly misled and deprived of a fair opportunity to make his defence." He further states substantially, that he was not at that time, and has never been indebted to *Thomas Carroll* in any sum whatever, and has never had in his hands, any money or property of Carroll.

Mr. Bump, the appellee's attorney who ordered the writ of attachment to be issued, testified that he knew the defendant Carroll was an employé in the City Collector's office; but he had no knowledge whatever, whether or not James M. Anderson, individually, held any moneys of Carroll, or was individually indebted to him. These facts certainly show that the case is one of great hardship upon the appellant. But as this has resulted altogether from the inadvertence or mistake of the appellant, without any fraud or deceit practiced upon him by the appellee, directly or indirectly, he is not entitled to relief. The cases of *Windwart vs. Allen,* 13 *Md.,* 196, *Green vs. Hamilton,* 16 *Md.,* 317, and *Friedenrich vs. Moore,* 24 *Ma.,* 295, establish the rule that where the process has been regularly served upon a party, and he has failed to appear and make his defence, and judgment has been regularly entered against him, a strong case must be presented, to justify the Court in striking out the judgment after the term has passed. In the case last cited, it was said, "that to justify the striking out of the judgment, it is necessary that clear and convincing proof be given, that the garnishees were prevented from making their defence, by deceit

practiced upon them by the plaintiffs.'' In this case there is no such proof. The only reason assigned by the appellant, for his mistake in supposing the writ was laid in his hands in his official character, and not as an individual, is, that the service was made at his office. There is no evidence that he was misled by the sheriff, and the return of the officer shows in what manner the service was made. As was said in 24 *Md.*, 308: ''It must not be lost sight of, that the process was regularly served upon the appellant as garnishee, by the sheriff. After the return of the writ, the judgment complained of was entered in Court, and stood upon the public records, as notice to him, that unless he appeared and made defence during the term, the judgment would become absolute.'' We find no sufficient reasons presented by the appellant for striking out the judgment, and the order of the Superior Court must be affirmed.

*Order affirmed.*

(Decided 9th March, 1875.)