BROWN, Adm'r, etc., *v.* CHESAPEAKE & OHIO CANAL CO.

*(Circuit Court, D. Maryland.* October 8, 1880.)

1. SCIRE FACIAS—JUDGMENT—RECITAL.—A writ of *scire facias*, in reciting a judgment on a prior *scire facias*, need not recite the amount for which such judgment was obtained.

2. SAME—SAME—SAME.—Such recital is in no respect uncertain, informal, or insufficient, when the writ recites the judgment on the prior *scire facias*, as it would be set out in full and formal record of that judgment.

3. SAME—ADMINISTRATOR—MARYLAND.—A writ of *scire facias* issued by order of an administrator upon the death of a plaintiff will not be questioned under the practice of the state of Maryland, although such administrator has been properly made a party to the cause, and could have at once issued execution on the judgment.

Demurrer to *Scire Facias* and Motion to Quash.

*Brown & Brune,* for plaintiff.

*Attorney General Gwinn,* for defendant.

BOND AND MORRIS, JJ. A judgment was recovered in this court by Charles Macalester against the Chesapeake & Ohio Canal Company, at the November term, 1854, for $5,471.37, and $33.60 costs. A *scire facias* was issued on that judgment, and on April 4, 1867, judgment of *fiat* was awarded. On April 1, 1879, Arthur George Brown filed a suggestion of the death of the plaintiff, Macalester, and alleged that he had been duly appointed his administrator *d. b. n. c. t. a.*, and the court thereupon ordered that he be admitted as party plaintiff, and have leave to proceed in the case. On that same day, April 1, 1879, by order of said Brown, a writ of *scire facias* was issued. The defendant was summoned, has appeared by counsel, and has demurred to the writ of *scire facias*, and has also moved to quash.

Section 914 of the Revised Statutes of the United States provides that the practice, pleadings, and forms and modes of proceedings in causes in the circuit courts of the United States, such as the present one, shall conform to the practice, pleadings, and forms and modes of proceeding existing in like causes in the state courts, so that the questions raised in the present case are to be determined by the practice and laws which would govern in the state courts of Maryland.

One of the grounds of the demurrer and motion to quash is that the writ of *sci. fa.*, in reciting the judgment on the first *sci. fa.* at the April term, 1867, does not show by proper recitals for what amount judgment was then obtained. The present writ, after reciting that by the original judgment the said Macalester had recovered the sum of $5,471.37 for his damages, and $33.60 for his costs and charges, proceeds: "And, whereas, also at a circuit court of the United States, etc., etc., held, etc., etc., on the first Monday of April, 1867, it was considered that the said Charles Macalester *have his execution* against the Chesapeake & Ohio Canal Company, for as well the damages, costs, and charges aforesaid, as also for the sum of $33.40 for his costs and charges by him sustained by delay of the execution of the judgment aforesaid, as by the record thereof in the said court remaining manifestly appears."

It is to this recital that the objection is addressed. This recital is in the form always, so far as we are advised, used in similar writs in Maryland. It is the form prescribed in Harris' entries, and it seems to us to be entirely proper. The judgment on a *sci. fa.* to revive a judgment is not for a certain sum of money then ascertained and entered up, but, although for some purposes it is called a new judgment, it is simply a judgment that the plaintiff have execution against the defendant for the amount of the original judgment and costs, and the additional costs then by the court adjudged.

The writ in this case recites the judgment on the prior *sci. fa.* exactly as it would be set out in full and formal record of that judgment, (2 Harris' Entries, 140,) and we cannot see

that the recital is in any respect uncertain, informal, or insufficient.

Another ground of the demurrer and motion to quash is that the writ of *sci. fa.* was unnecessary, because the said Brown, administrator, had been by order of the court admitted as party plaintiff, and might at once, without a *sci. fa.*, have had execution; it having been provided by the act of assembly of Maryland, known as the act of 1874, *c.* 320, that an execution or attachment on any judgment might be issued at any time within 12 years from its date, when there had been no "*discharge*" of parties to said judgment by death or marriage.

Prior to the act of assembly of Maryland, of 1862, *c.* 262, § 16, a *scire facias* was necessary whenever a new party was to be benefited or charged before execution could enure on a judgment. *Trail* v. *Snouffer*, 6 Md. 308. To facilitate the issuing of executions in cases where there had been a change of plaintiff, the act of 1862 enacted that, in case of the death or marriage of any plaintiff, the executor, administrator, or other person who should be entitled to such judgment, should, on application to the court, be made parties to the same, and have such attachment or other execution as if no such death or marriage had taken place. This act, while it remained in force, rendered it unnecessary to have a writ of *scire facias* upon the death of a plaintiff, but it was not in force when the writ in the present case was issued. It was repealed by the act of 1874, *c.* 320, which enacted in its stead that executions or attachments might issue on any judgment at any time within *twelve* years from the date of such judgment, when there had been no "*discharge*" of parties to such judgment by death or marriage, omitting entirely the provision for summary method of making new parties plaintiffs which had for the first time been provided by the act of 1862.

Prior to 1862 the law of Maryland on this subject allowed executions to issue at any time within *three* years from the date of the judgment, where there had been no "change" of parties by death or marriage; and the act of 1874 uses precisely the same language, except that the period is twelve years

instead of three, and the word "discharge" of parties is used instead of "change." Under the old law it was always held necessary to have a *scire facias* if there was within the three years a change of parties; and, as the act of 1862 is repealed, it must be now necessary under the act of 1874, if there be a change within twelve years, unless the use of the word "discharge" of parties instead of the word "change" is to have the effect of altering this long-established rule.

It was contended in argument that the word "discharge" had been used in the act advisedly, and was intended to refer to defendants only, as they were the only parties who could be said to be discharged from a judgment; and that as the law of 1874 makes no exception with regard to change of plaintiffs, it is a peremptory direction that execution may issue at any time within 12 years, without regard to any change of plaintiffs.

It seems to us quite probable that either the word "*discharge*" was used inadvertently, or is a misprint for "change;" but if it is not, and is to be construed as applying to defendants only, then the law of 1874 has left the case of a change of plaintiffs entirely unnoticed. An execution cannot issue in the name of a dead plaintiff, and unless by special statute, as in the repealed act of 1862, some summary method is provided, the only method known to the courts of Maryland by which a new party entitled to stand in the place of a deceased plaintiff can become a party to a judgment, and issue execution thereon, is by *scire facias*. This has been the common law for centuries, (Foster on Scire Facias, 99,) and the rule has a strong foundation in justice and equity. By this writ the defendant is warned to appear in court before the seizure of his property, and show any defences he may have,—defences of which the new plaintiff may never have had any opportunity of knowledge,—and also an opportunity is given him of requiring the new party to show how and by what right he claims to have become entitled to the judgment. *Barry* v. *Hoffman*, 6 Md. 78. It is not to be presumed that the legislature of Maryland intended indirectly to abolish so ancient, well-established, and universal a

method of proceeding, when they have not in terms declared such intention.

How far the court of appeals of Maryland have been from giving countenance to the suggestion that any statute passed by the legislature is to be construed as interfering with the writ of *sci. fa.*, when it does not in terms do so, may be seen from the decision of that court in the case of *Kirkland* v. *Krebs*, 34 Md. 93, in which it was held that the stay laws, prohibiting during a certain time all writs of execution, did not suspend the issuing of writs of *scire facias*, although the only judgment on the *sci. fa.* would be "*fiat executio*," thus awarding an execution which the stay law had prohibited.

These considerations would, we think, dispose of this objection to the present writ, even were it conceded, as argued, that the writ of *scire facias to revive a judgment* cannot issue in any case, when it is not necessary or required to enable execution to issue. But to this proposition we do not assent.

The statute of Westminster, 2nd, (13 Edw. I. St. 1, *c.* 45,) granted this writ in order that the plaintiff, in a personal action, if he did not have execution within a year and a day, might not be obliged, as he was by the common law, to bring a new action upon his judgment. This new remedy was considered to be in addition to, and not in substitution of, the former remedy, and it has been held that he might, if he chose, still bring his action on the old judgment, (Foster on Scire Facias, 5;) and so, too, if the plaintiff unnecessarily within the year and a day sued out a writ of *sci. fa.*, it was never held that the writ would not lie; the only penalty was that he could not have his *capias* until he had obtained his new judgment of "*fiat executio*" on the *sci. fa.* Foster on Scire Facias, 27, note *x*. The court of appeals of Maryland would seem to have recognized this as an established rule in a case that came before them under the act of 1862, *c.* 262.

Under that act attachments by way of execution were allowed at any time within twelve years, but if issued more than three years after the date of the judgment they were to be subject to the same defences as in cases of *scire facias*. Un-

der this law, now repealed, the court of appeals held in *Johnson* v. *Lemmon*, 37 Md. 336, that an attachment after three years was defective unless it contained a clause of *scire facias.* And the same court held in *Anderson* v. *Graff*, 41 Md. 601, in a case where an attachment was issued *within* the three years containing the *sci. fa.* clause, that although such a *sci. fa.* clause was unnecessary and not required by the act, still the writ was not on that account invalid or defective.

Even, therefore, if it be conceeded in the present case that the administrator at the time of issuing the writ of *sci. fa.* had been already properly made a party to the cause, and could have at once issued execution on the judgment, the most that can be said is that the *sci. fa.* was unnecessary. This we do not think would be a fatal objection.

We overrule the demurrer and the motion to quash.