## WILLIAM B. WILMER *vs.* JAMES BRICE.

*Striking Out Entry of Satisfaction of Judgment Made by Mistake— Delay in Filing Petition to Correct Error.*

When a judgment creditor signs a paper directing a judgment to be entered "satisfied," under a mistake and believing that he is signing a paper of a different tenor, and the judgment debt remains unpaid, the Court will order the entry of satisfaction to be struck out, when the interests of third parties are not thereby injuriously affected.

Three years after discovering that he had signed by mistake an order directing a judgment to be entered satisfied, the judgment creditor filed a petition to have the entry struck out. During these years the judgment debtor repeatedly promised to pay the debt. *Held,* that the delay in seeking to correct the error was caused by the defendant and is no bar to the relief asked for.

Appeal from the Circuit Court for Kent County (STUMP and MARTIN, JJ.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PEARCE, SCHMUCKER and JONES, JJ.

· *Richard D. Hynson* for the appellant, submitted the cause on brief.

*Hope H. Barroll* for the appellee.

McSHERRY, C. J., delivered the opinion of the Court.

The question in this case is whether an order passed by the Circuit Court for Kent County striking out an entry declaring a judgment of record in that Court satisfied is correct. These are the facts : On the nineteenth day of October, eighteen hundred and eighty-seven, a judgment was obtained by confession in favor of Harry L. Boyd against Wilmer and Brice. The foundation of the judgment was a promissory note which Brice had signed as surety for Wilmer. Subsequently Brice, the surety, paid the judgment, and on July the eighth, eighteen hundred and ninety, it was entered to his use. On the twenty-sixth day of August, eighteen hundred and ninety-two, Brice signed an order to enter the judgment satisfied, and this is the order which, upon his application, the Court below struck out. That Brice did not intend to release the judgment is quite certain. Wilmer having come into the possession of some property, Brice called on him and requested him to pay the judgment. Wilmer promised to pay but asked for a little forbearance. This state of things continued for a considerable time. Finally Wilmer informed Brice that the judgment had been entered satisfied, but he still promised to pay it. These promises not having been kept, Brice consulted his attorney and learning that the entry of satisfied had really been made, a petition addressed to the Court was filed on October the nineteenth, eighteen hundred and ninety-nine, and the Court was asked to strike out the entry of satisfied. Prior to the filing of this petition Wilmer had executed a mortgage upon the property, which came into his possession after the judgment had been entered satisfied. Brice does not ask that the reinstatement of the judgment shall prejudice that mortgage lien, and he has

accordingly filed a paper disclaiming priority over any lien acquired against Wilmer or upon his property after the judgment was released. Wilmer does not pretend that he has ever reimbursed Brice a single cent paid by the latter to the plaintiff in the judgment. He resists the application to strike out the entry of satisfied because, first, there was no mistake committed in making the entry, and because, secondly, Brice has been guilty of *laches* in seeking the redress he has invoked.

What is sought by Brice is to have the judgment reinstated, but reinstated without prejudice to the rights of other secured creditors of Wilmer, if the liens of these latter creditors were obtained during the period that the judgment was entered satisfied. That the Court has, upon such an application as this, the undoubted power to grant the relief asked, if the facts justify it, cannot be disputed. It has been so held repeatedly. We need do no more than refer to the case of *Waters* v. *Engle*, 53 Md. 179 in support of this doctrine. If a mistake was made in entering the judgment satisfied; if Wilmer has not repaid Brice what he justly and incontestably owed him on the judgment; if no third party will be injuriously affected by the entry being stricken out, and if the Court has the power to strike it out, why should the relief sought be denied? It is but common honesty that the debtor should pay his creditor; and it is far from equitable that the latter should be defeated upon sheer technical grounds wholly devoid of even the semblance of merit. So the controversy narrows down to two inquiries; first, was the entry of satisfied made by mistake; secondly, has there been such delay in seeking relief as to justify a denial of the prayer of the petition?

First, then, as to the mistake. This is purely a question of fact. If Wilmer never did repay Brice, what object could Brice have had in entering the release? The record discloses none. The suggestion in the brief that the release was entered to avoid taxation on the judgment finds no support whatever in the evidence. Without apparent motive

on Brice's part for making the entry of satisfied, and with every reason why the entry should not have been made, as no portion of the judgment had in fact been paid, we are asked to believe that the release was intentionally and deliberately signed, though Brice testified it was an error and though that statement is contradicted by no one. According to the uncontroverted evidence, Brice's object in signing the paper, which turned out to be a release, was "to have the judgment kept in position so that he could, one of these days collect" it. The paper was drawn by a deputy clerk who was inexperienced, and was signed by Brice, not with a view of releasing the judgment, but under the belief that the paper "would keep the judgment alive, so that in years to come, if an opportunity arose, he might collect it." Some four years after the entry had been made, Wilmer informed Brice that the judgment had been entered satisfied; Brice disputed this and Wilmer replied, "You go and look, and you will find it so, but that don't make any difference, I will pay it." Wilmer further said, in reference to the release, he "knew it must have been a mistake." In the face of Brice's sworn statement that the entry was a mistake; and in the face of Wilmer's admission that he knew it must have been a mistake, it is impossible to hold that it was not a mistake, when there is not a particle of evidence in the record to warrant the conclusion that the entry was purposely made.

Has there been such delay in seeking to correct the error as will preclude the Court from granting relief? In applications of this sort, as well as on motions to strike out a judgment after the term has passed, the Courts of law in this State exercise a general equitable jurisdiction. *Tiernan* v. *Hammond*, 41 Md. 552. The entry of satisfaction, when there had been no satisfaction, was made on August the twenty-sixth, eighteen hundred and ninety-two. Brice did not discover that the entry had been made until informed of it by Wilmer some four years afterwards. He took no immediate steps to have the error corrected because Wilmer

repeatedly assured him that he would pay the debt. Upon numerous occasions Wilmer said to Brice, " You keep quiet; you keep easy; you shall not lose a penny by me." These assurances were repeated up to and even after the filing of the petition to strike out the entry. That petition was filed October the thirteenth, eighteen hundred and ninety-nine. There elapsed, then, between the time Brice discovered that the judgment had been entered satisfied and the date of the filing of the petition, about three years ; and during those three years Brice was deterred from taking action by the reiterated promises of Wilmer to pay the amount due on the judgment. If Brice delayed to act, he delayed at the instance of Wilmer, and surely Wilmer cannot now complain that Brice did not sooner disbelieve him and did not sooner, therefore, institute these proceedings. If Wilmer, by his promises, occasioned delay and thus induced Brice to be quiescent, he ought not to be heard or heeded when he sets up as a defense to a meritorious demand, the very delay for which he himself is responsible. That is what he seeks to do ; and that is precisely what a Court of justice, especially one exercising an equitable jurisdiction, will not permit to be done.

The order striking out the entry of satisfied having been properly passed will be affirmed.

*Order affirmed with costs above and below.*

(Decided March 22nd, 1900.)