# THE MARYLAND JOCKEY CLUB vs. THE STATE OF MARYLAND ET AL.

*Application of Payments—Distribution of Proceeds of Sale of Property of Dissolved Corporation.*

Under the Act of 1870, ch. 89, it was provided that the persons contributing to the purchase of land. and improvements for the Maryland Agricultural Association should, upon its dissolution, be entitled to share *pro rata* in the distribution of the proceeds of the sale of its property. The association executed a promissory note, bearing interest from date, for money. used in making improvements, and subsequently certain payments were made on account of the note. Upon a distribution of the proceeds of the sale of the property of the association, which was insufficient for the satisfaction of all claims in full, *held*, that these payments should be applied on account of the prinicipal of the note, and not of the interest, because otherwise the rule of equality prescribed by the statute would be violated, and under the statute the contributors are not entitled to interest on the amount of their contributions.

*Decided January 15th, 1908.*

Appeal from the Circuit Court for Baltimore County· (BURKE, C. J.)

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER and WORTHINGTON, JJ.

*W. Calvin Chesnut,* for the appellant.

*Wm. S. Bryan, Jr., Albert C. Ritchie* and *R. E. Lee Marshall,* for the appellees.

BRISCOE, J., delivered the opinion of the Court.

There is a single question for determination, on this appeal; and that is the proper amount to be allowed the appellant, The Maryland Jockey Club, as dividend on its claim, in the distribution of a fund in the hands of Charles H. Nicolai, trustee, derived from a sale of property known as Pimlico in Baltimore County.

The facts of the case, and the rule of law to be applied in the distribution of the fund, are fully stated in the case of *Maryland Jockey Club of Baltimore* v. *State et al.*, 106 Md. 413, and need not be repeated here, except in so far as it may be necessary to a clear understanding of the question involved on this appeal.

The question more concisely stated, is whether or not certain credit payments appearing upon the claim of the appellant, as assignee of a note given by the Maryland Jockey Club to ex-Gov. Frank Brown, dated December 19th, 1890, and payable to him for the sum of $23,108.81, should be applied on account of principal or on account of interest of the note.

It appears from the record that in the distribution of the fund derived from the sale of the property, the Auditor of the Circuit Court for Baltimore County allowed the credit payments made on the note as principal and deducted them from the principal or face value of the note ($23,108.81). In other words the auditor in his calculation deducted the aggregate of the credit payments from the face value of the note, and declared a dividend upon the principal of the note, less six thousand four hundred dollars the credit payments, without interest.

And this appeal is from a decree of the Circuit Court for Baltimore County, dated the 28th day of September, 1907, ratifying and confirming the Auditor's distribution account, filed on the 31st of August, 1907, in so far as it directs the application of the payments as principal and not interest.

The objection of the appellant to the ratification of the account is based and confined to the contention that the amount of its claim on which dividend has been allowed was improperly fixed and determined by the Auditor. That the amount of the claim, for dividend purposes, should have been fixed at the face amount of the note, $23,108.81.

The terms of the note, with the credits thereon, are as follows:

Baltimore, Maryland, December 19th, 1890.

On demand, the Maryland State Agricultural and Mechanical Association promises to pay to Frank Brown, or order, the sum of twenty-three

thousand one hundred and eight dollars and eighty-one cents ($23,108.81) for value received with interest from date, this being the amount of indebtedness incurred by said Association and paid by Frank Brown for the use of said Association as approved and audited by the Auditing Committee, Messrs. Howard Munnikhuysen and L. L. Jackson (being members of the Executive Committee of said Association ) on Decembe 19th, 1890, all of which is shown upon the books of the Treasurer of said Associati n.

|  |  |
|---|---|
|  | Frank Brown |
| Corporate Seal. | President of the Maryland State |
| $23,1  . | Agricultural and Mechanical Association |
| 8 | Robert Hough, |
|  | Secretary of the Maryland State Agricultural |
|  | and Mechanical Association. |

Account approved and signatures
witnessed by
    David Cowan
Treasurer of Association.

    The following endorsements are on the back of the note.

Baltimore, June 25th, 1891.

    Received on the within note, the sum of three hundred dollars.

Frank Brown.

    Received, May 15th, 1894, from H. S. Zell, Treas., of Md. State Agricultural and Mechanical Association check for two thousand dollars, ($2,000) on account of interest.

E. L. Bartlett,
Trustee.

    Received February 25th, 1895, the sum of four thousand dollars $4,000 on account within note.

E. L. Bartlett,
H. S. Zell,
Surviving Trustees.

    Received October 25th, 1902, the sum of one hundred dollars $100 on account within note.

E. L. Bartlett,
H. S. Zell,
Surviving Trustees.

Baltimore, July 13th, 1892.

    For value received I hereby assign, without recourse, the within obligation to E. L. Bartlett, H. S. Zell and Robert Rennert, trustees.
Witness,                    . Frank Brown.
    Thomas G. Hayes.

Baltimore, October 13th, 1904.

    For value received, we, the undersigned the surviving trustees, do hereby assign the within note without recourse.

E. L. Bartlett,
H. S. Zell,
Surviving Trustees.

It will be thus seen that the payments or credits endorsed upon this note amount to the sum of $6,400. The payment of $2,000, made on the 15th day of May 1894, appears from the endorsement on the note to have been made on account of interest, and there is testimony to show that the payment of $4,000, made on February 25th, 1895, was applied on account of interest. The payment of $100 on October 25th, 1892, was made on account of principal and interest, and at the time, to-wit, June 25th, 1891, the $300 payment was made, more than that amount of interest had accrued upon the note.

Now there can be no dispute as to the rule of law in regard to the application of payments, in a case between debtor and creditor. In *Dickey* v. *Permanent Land Co.*, 63 Md. 176, this Court said: "At the time when payment is made there may be an application by agreement between debtor and creditor. If there be no such agreement, the debtor may make the application; and, in the absence of any action on his part, the creditor may apply the money to the extinguishment of any claim which he has against the debtor. If there has been no application by the parties, the law will apply the payment in conformity with established and recognized rules. But the law never makes an application of payment when the parties have already done so. The law will not undertake to make a new contract for the parties. And this rule strictly governs, even in the case of an application of money to the payment of an item in an account current, which is not recoverable in an action at law." *Trustees* v. *Heise*, 44 Md. 453; *Calvert* v. *Carter*, 18 Md. 73; *Frazier* v. *Hyland*, 1 H. & J. 98; *Gwinn* v. *Whitaker*, 1 H. & J. 754.

We do not, think, however, the facts of this case, bring it within the well settled legal principles established by the cases here cited and invoked by the appellant to be applied in the decision of the question in controvery.

On the former appeal, *Maryland Jockey Club of Baltimore City* v. *State, supra,* in dealing with this claim, we said: We have examined the testimony with respect to this claim with

the utmost care and consideration and we are satisfied in view of the proof and surrounding circumstances, that the money contributed by Gov. Brown and secured by note went into the improvements upon the land of the Association and the claim is a proper one to participate in the distribution of the fund, under Acts 1870, ch. 89. By this Act, each of the contributors to the Association acquired rights with the State and were given a lien on the proceeds of sale.

It was further said, that while we are of the opinion that the objections to the note are not supported by the evidence, we all agree that it could not be allowed as a preferred claim or to be paid in full out of the fund in the hands of the trustee.

The language of the Act of 1870, ch. 89, is that the corporation of the city of Baltimore and those citizens of the State of Maryland or of the United States, their heirs and assigns, who have contributed or may hereafter contribute to the purchase of land, or to improvements to and upon land for the use of the association, shall in case of a dissolution be entitled to and receive from the net proceeds of the sale of all land and improvements, or other property now acquired, or hereafter to be acquired by said association, such sum as the amount of money paid by said corporation, or individual citizen, may bear to the aggregate amount contributed by the State of Maryland, the city of Baltimore, and the individual citizens, respectively.

By the decision in the former case, it was held that the net proceeds of the sale of the property, from which the fund now in controversy was derived, after the allowance of proper expenses, should be distributed among the claims of the State of Maryland, except the appropriations under the Act of 1872, the claim of the Mayor and City Council of Baltimore, the claims of the individual contributors, including the claim of the Maryland Jockey Club, upon the rule of equality and apportionment declared by the first section of the Act of 1870.

Under that decision, we struck down the claim of the appellant as a preferred creditor, but admitted it to participate in the distribution of the fund, not as a creditor *per se*, but as a

contributor under the Act of 1870, because its contribution had gone to the purchase of land, or to improvements to and upon land, for the use of the association.

In other words, this Court held that in the distribution of the fund, the appellant, should participate in the same class with the various contributors, and be permitted to share with them, and subject to the same rule of equality, in the proceeds of sale.

Now by the terms of the Act of 1870, and the certificates issued thereunder, contributors are not entitled to claim interest on their contributions, and there is no obligation imposed to pay it.

The plain language of the certificate provided by the Act is "and is entitled to a proportionate reversionary interest in the property of the association as provided by the Act, and this certificate shall be sufficient evidence to entitle the corporation and their successors or assigns and the citizens their heirs or assigns to their proportionate share of the proceeds of sale hereinbefore provided for."

To permit the appellant to come in and share in the distribution of the fund as a contributor upon the terms claimed by it, would clearly defeat the rule of equality established on the former appeal, and permit it to obtain a great advantage over all the other certificate holders or contributors in the distribution of the proceeds of sale. Having elected to be treated and classed as a contributor and certificate holder, under the Act of 1870, it must be content to accept and stand upon the rule of equality established for the distribution of the fund.

We think the Court below was entirely right in applying the payments of $6,400 on account of principal and not interest, under the facts of this case. Any other conclusion, would permit the appellant to receive interest upon its claim, when the other contributors, who are in the same class, and who are entitled to like benefits under the Act of 1870, would not be entitled to interest. Having elected to take the benefit of the Act of 1870, the claim which it holds can be accorded no greater or better rights thereunder.

The appellant has received payments to the amount of $6,400 upon the original amount contributed and to that extent its claim has been satisfied. There was no error in the auditor deducting these credits from the principal of the note, and declaring a dividend upon the residue.

The contention that the appellant was entitled to be allowed interest upon its claim was abandoned in this Court and need not be considered by us.

For the reasons, herein stated, and for the further reasons, appearing in this case on the former appeal, the decree appealed against will be affirmed, the costs to be paid out of the fund by the trustee.

> *Decree affirmed, costs to be paid out of the fund.*