MORRIS LEGUM *v.* FARMERS NATIONAL BANK
OF ANNAPOLIS

[No. 16, January Term, 1942.]

*Decided February 5, 1942.*

The cause was argued before BOND, C. J., SLOAN, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*Louis Mitnick* for the appellee.

*R. Tilghman Brice, III* and *George E. Rullman* for the appellee.

MARBURY, J., delivered the opinion of the Court.

A judgment debtor appeals from an order of court striking out an order of satisfaction of a judgment against him. The order of satisfaction was filed on April 22, 1941, and the petition to strike was filed on July 18, 1941, which was within the term of court in which the order was filed. A combined demurrer and answer was filed to the petition to strike out, testimony was taken, and on August 7, 1941, the court passed the order from which this appeal was taken.

A motion is made by the appellee to dismiss the appeal on the ground that the lower court was acting within its discretion in striking out an order of satisfaction where the motion to strike was filed during the term and therefore no appeal lies. The appellee's theory is that the rule, with respect to striking out orders of satisfaction, is the same as that with respect to striking out judgments. The situation in the two cases, however, is entirely dissimilar, and the judgment rule does not apply.

In a recent case (*Silverberg v. Dearholt*, 180 Md. 38, 22 A. 2d 588) this court quoted with approval the statement of this rule in *Poe's Practice*, Vol. II (Tiffany Edition, Par. 389), to the effect that where the motion to strike is made within the term and is granted, no appeal lies at the instance of the plaintiff because such order is not a final disposition of the case, but leaves it on the docket to be legally heard in due course, and therefore no substantial injury is done to the plaintiff. The rule is otherwise in cases where the defendant appeals from an order refusing to strike out a judgment. In the early case of *Hall v. Holmes*, 30 Md. 558, this court said: "But the case is very different where the motion to strike out the judgment is overruled by the court; for then the liability of the defendant is fixed and determined, and his right of appeal accrues, without which he would be entirely remediless. From orders overruling motions to strike out judgments, we are clearly of opinion that appeals lie, whether the motions be made during the same term, or at a term subsequent to that at which the judgment was rendered." See, also, *Merrick v. Baltimore & Ohio Railroad Co.*, 33 Md. 481; *Montgomery v. Murphy*, 19 Md. 576, 81 *Am. Dec.* 652; *Powhatan Steamboat Co. v. Potomac Steamboat Co.*, 36 Md. 238; *Johnson v. Lemmon*, 37 Md. 336; and *Wainwright v. Wilkinson*, 62 Md. 146.

When an order of satisfaction is stricken out, the situation is similar to that in the last mentioned class of cases. The defendant is left with a judgment against him, which may be a lien upon his property, and upon which process may issue against him. His rights have been fixed and determined so far as the lower court is concerned. If he had no right of appeal, he would be entirely without remedy. The motion to dismiss the appeal in this case will therefore be denied.

The testimony showed that in the early part of 1941, the appellant was in a situation where he owed approximately $60,000 to various people secured by judgments and other liens. He was endeavoring to refinance. He

owed the appellee over $33,000 on two deeds of trust, the confessed judgment which was stricken out, two mortgages, and two notes. An arrangement was made by him to refinance, and a settlement was made on April 21. At that settlement, the appellee presented its statement of account showing separately the several obligations on which the defendant was indebted, the principal, interest and costs of each of these being totaled separately and correctly, but the grand total was shown as $33,155.06, when it should have been $33,691.06, a difference of $536. The settlement went through on the basis of the erroneous total. This amount was given to the appellee, and in exchange it canceled all of its claims, giving, among other things, the order of satisfaction for the judgment in question. This was a confessed judgment which had been entered on April 17, 1935, for $5,000, with $500 attorney's collection fee, interest and costs. There had been a credit of $500 on account of this judgment, leaving the balance due on it, including interest, costs and attorney's fees, $5,232.25. The error was discovered the following morning, and promptly reported by the appellee's attorney to the attorney for the appellant. Meanwhile, the settlement had gone through, mortgages and conveyances had been given by the appellant, and the rights of third parties had attached. When the appellant was told about the matter, he told the attorney for the bank that if there was a mistake he would take care of it, and by his own admission he said, "I said let it stay. I will talk over the matter with you. If it is a mistake, I will pay it." Relying on this statement, no action was taken until July 18, 1941, when, no settlement having been made, the motion was filed. The court overruled the demurrer of the appellee, and struck out the order of satisfaction without prejudice to the mortgages and conveyances which had been made to third parties on the day of the settlement.

The ground of the demurrer was that the court had no jurisdiction, as the cancellation of an instrument is a matter to be passed on in an original equity proceed-

ing. This was not pressed at the argument in this court. It could not have been successfully contended in view of the case of *Wilmer v. Brice,* 91 Md. 71, 46 A. 322, where an application was made to strike out an order of satisfaction, and this court said: "What is sought by Brice is to have the judgment reinstated, but reinstated without prejudice to the rights of other secured creditors of Wilmer, if the liens of these latter creditors were obtained during the period that the judgment was entered satisfied. That the court has, upon such an application as this, the undoubted power to grant the relief asked, if the facts justify it, cannot be disputed. It has been so held repeatedly." It may also be mentioned that this is a case at law, in which demurrers are waived if other pleadings are filed. The fact that the court is acting in a *quasi* equitable manner does not alter this rule.

The error was in the total addition of all seven items of indebtedness of the appellant to the appellee, and was not allocated to any one item in the list. No request was made to strike out other orders of satisfaction or release or settlement. However, all of the items were due to the appellee, and in the absence of full payment and in the absence of specific direction by the debtor, the appellee could apply the payment to any of its claims it desired, and could therefore pick out the one which was not paid in full. *Neidig v. Whiteford,* 29 Md. 178; *Dickey v. Permanent Land Co.,* 63 Md. 170; *Maryland Jockey Club v. State,* 107 Md. 262, 68 A. 613. That is something about which the appellant has no right to complain.

The appellant contends that an item of $500 in the judgment in question is erroneous because it is a collection fee allowed by the note. It has not been paid by the appellee to its attorney, and the appellee has not, apparently, so far, agreed to pay it to anyone. However, the appellant agreed in his note, which is the basis for the judgment, to pay such a charge, and is it payable by him to the appellee by way of indemnity for employing an attorney to collect the debt. *Webster v. People's Loan, Savings & Deposit Bank,* 160 Md. 57, 152, A. 815.

It is not to be presumed that the appellee will not pay this money, when collected by it, to its attorney. If it does not, the attorney is the one to complain. The appellant is not now in any position to raise a question about it.

Some attempt is made to show that there was a dispute about the right of the appellee to collect this fee. This seems to have been an afterthought, and not to have entered into the question of the settlement. In the statement presented, the fee is clearly shown, and that statement was the basis of the settlement. The appellee did not object to the fee at that time, but paid the total demanded of him, and the reason that he did not pay enough was not a dispute about any particular item, but a mistake in the adding of all the items. The facts are very similar to those in the case of *Wilmer v. Brice,* 91 Md. 71, 46 A. 322, 323, above referred to, and in that case the court said: "If a mistake was made in entering the judgment satisfied, if Wilmer has not repaid Brice what he justly and incontestably owed him on the judgment, if no third party will be injuriously affected by the entry being stricken out, and if the court has the power to strike it out, why should the relief sought be denied? It is but common honesty that the debtor should pay his creditor, and it is far from equitable that the latter should be defeated upon sheer technical grounds, wholly devoid of even the semblance of merit."

It is true that no evidence was presented that the appellant would have been able to make his settlement, had the demand of the appellee been for the correct amount. The appellant's attorney said that it was impossible for him to say whether the settlement would have gone through with the additional $500. In his opinion, the man refinancing the appellant had been pressed so far that he would not have been pressed any further. However, if the settlement had not gone through, the order of satisfaction would not have been given. In such case, there would be no theory upon which the appellant could claim any right to its delivery and use. If he had not

been able to make the settlement upon the correct figures, the judgment would have been left standing, and that is exactly what the court did with it.

The court below struck out the order of satisfaction without prejudice to the third party rights afterwards acquired, but it did not protect the appellant by requiring credit to be entered for the amount paid in the settlement to the appellee, over and above its claims on the other six items. We think this should have been done, and that the order of satisfaction should not have been stricken out until the appellee filed an order giving credit to the appellant for the payment of $5,232.25, less $536, or $4,696.25. It will, therefore, be necessary, for this reason and for this reason alone, to reverse the order of the lower court and to remand the case for passage of an order subsequent to the entry of the credit by the appellee.

> *Order reversed and case remanded for further proceedings in accordance with this opinion, costs to be paid by the appellee.*