(Decided 12th February, 1885.)

CHARLES E. DICKEY, and Wife *vs.* THE PERMANENT LAND COMPANY OF THE CITY OF BALTIMORE.

*Mortgages—Usury—Relief in Equity—Statute of Limitations—Account—Application of Payments.*

The P. L. Co. held three mortgages made by D. of different dates. Usurious interest was paid on the two elder mortgages, and they were overpaid, the aggregate payments exceeding the amount of the principal with legal interest thereon. More than three years after the last payments made thereon, D. filed a bill for the redemp-

tion of all three mortgages, and for an account, and asked that the amount overpaid on the first two mortgages by reason of the usurious interest exacted, should be applied in reduction of the sum due on the third mortgage. On limitations pleaded in bar of the right to an account, it was HELD :

1st. That the possibility of limitations being pleaded to an action at law instituted to recover back the usurious interest, was no ground for relief in equity.

2nd. That the defendant having admitted in its answer that the first two mortgages had been fully paid, and having since the filing of the bill executed and delivered releases of the same, the complainant had obtained all the relief he was entitled to in respect to them, and was not entitled to an account in respect to them, so that the over-payment of interest might be ascertained and applied to the extinguishment of the debt still due on the third mortgage.

3rd. That it being conceded that there had been an application of payments already made by agreement of the parties to the first two mortgages, those payments could not by mere operation of law be afterwards transferred to the subsequent debt created by the last mortgage.

The rule in regard to the application of payments is well defined. At the time when payment is made, there may be an application by agreement between the debtor and creditor. If there be no such agreement the debtor may make the application; and in the absence of any action on his part, the creditor may apply the money to the extinguishment of any claim which he has against the debtor. If there has been no application by parties, the law will apply the payment in conformity with established and recognized rules.

But the law never makes an application of payment when the parties have already done so. And this rule governs even in the case of an application of money to the payment of an item in an account current which is not recoverable in an action at law.

APPEAL from the Circuit Court of Baltimore City.

The bill of complaint in this case, filed on the 19th of December, 1883, by the appellants against the appellee, alleged that the latter held three mortgages upon the property of the former of different dates; that the first

Dickey *vs.* Permanent Land Co., of Baltimore.

two had been paid but not released; that usurious interest had been paid thereon, and that upon a proper accounting, it would appear that a large amount had been paid in excess of the principal due under said first two mortgages, with legal interest thereon, which excess ought to be credited upon the third mortgage debt. The prayer was for an account of the three mortgage debts, and of each of them, and of the payments made on account of them, and of each of them, and that the defendant might be decreed to release all and each of said mortgages, upon payment to it of the amount that might be found due on the statement of said accounts. The defendant by its answer denied the charge of usury, and relied upon the Statute of Limitations, as a bar to an account in respect to the first two mortgages; and alleged that all the payments upon them had been made more than three years before the bill was filed. It offered to release said two mortgages at any time, and also to release the third mortgage on being paid the amount due thereon. The following agreement signed by the counsel of the parties was filed in the case:

"It is agreed, that the following facts shall be taken as proved in this case before the auditor, under an order referring this case to him, to state and report an account of each mortgage mentioned in these proceedings, and of the payments thereon, and of the result of such accounts, to have the same effect as if said facts had been proved before the auditor, under such an order of reference, and reported by him to the Court.

"The mortgage for $20,000, charging six per cent. interest on the mortgage debt, to the date of the first weekly payments, deducting said payment from the amount, then charging interest on the balance of principal of said debt to the next weekly payment, and crediting the same, and so continuing to charge interest and credit payments,

Dickey *vs.* Permanent Land Co., of Baltimore.

shows a balance overpaid by the mortgagor on the 19th of
Sept., 1877, of...................................... ........ $ 183 05
Forty-two weekly payments made afterwards.. 4,725 00

Amount overpaid. ..................... ................... $4,908 05
Average date, May 11th, 1878.
Interest to Sept. 1st, 1879............. ...... ......... 385 27

Amount overpaid with interest to Sept. 1st,
1879..................... ..................... ............ ..... $5,293 32
Interest on $4,908 05, from Sept. 1st, 1879, to
Feb. 1st, 1884.. ................................... 1,300 18

Total overpayment and int. to Feb. 1st......... 6,593 50
Add entrance fee. ...................... .......... 30 00
Int. 10 years, 2 mos........................ ......... 18 30
                                                        ————
                                                        48 30

Total overpayment, (of which $4,938.05 is prin-
cipal.)...... ........................................ ........... $6,641 80

"The mortgage for $5,000, stating the account of inte-
rest and payments in the same way as above, shows:
Amount overpaid May 14th, 1879................ ...... $ 99 33
Interest to Sept. 1st, 1879....... .................. 1 74

Overpaid with interest, Sept. 1st, 1879........... $101 07
Interest to Feb. 1st, 1884.. ........................ ......... 26 30

Overpaid with int., to date............................. $127 37
Add entrance fee........................... .......... $7 50
Nine years int.. ...................................... 4 05
                                                        ————
                                                        11 55

Total overpayment to Feb. 1st, 1884, (of which
$106.83 is principal.). ..... ... .......... ......... $138 92

The $10,000 Mortgage:
The amount of principal due.............. ........ $10,000 00
Interest to Feb. 1st, unpaid..... ................... ..............

Whole amount of debt due Feb. 1st, 1884..... ..............

"The foregoing admission is made to save the time and expense of taking testimony and stating an account in this case. And it is expressly understood, that the facts admitted are to have no other legal effect, or otherwise affect the rights and defences of the respondent, than the same facts if proved by the complainant, under an order of reference and to take testimony, would affect such rights and defences, the admission being made to have only the same effect that proof of the same facts, regularly taken in the case, would have, and no other, and being in no way to be taken as an admission of complainants' right to an account, or of his right to unite the transactions in any way."

The Court below (PHELPS, J.,) passed a decree for the release of the first two mortgages, the same being shown to have been overpaid; and it appearing that duly executed releases of said mortgages were on file among the proceedings in the cause, it was further decreed that the complainants should have leave, and they were so authorized, to withdraw the said releases from the files of the Court to be recorded as delivered by the defendant; but the Court denied the right of the complainants to have the amount so overpaid upon them, applied in reduction of the amount due on the third mortgage. And the amount due under the third mortgage, having been ascertained by agreement between the parties, it was further decreed that upon the payment of said amount, that mortgage also should be released. The complainants appealed.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, and BRYAN, J.

*Charles Marshall,* for the appellants.

*J. I. Cohen,* and *S. Teackle Wallis,* for the appellee.

YELLOTT, J., delivered the opinion of the Court.

On certain real estate, described as belonging to the complainants in this cause, the Permanent Land Company of Baltimore City holds three mortgages, executed at different periods and intended as security for the payment of different sums of money. The first of these mortgages is dated the 23rd of January, 1867, and was assigned by the mortgagee named therein to the said company, on the 24th of January, 1875. Of the two remaining mortgages, one is dated the 19th of December, 1873, and the other the 23rd of April, 1877. That two of these mortgages have been fully paid and satisfied is not disputed; and it is conceded that there has been an over-payment, by way of usurious interest, in excess of the sums really due and legally demandable. These payments were made more than three years ago, and an action, at law, instituted for the recovery of usurious interest, might be barred by limitation, if the defendant in such action should avail himself of his privilege and plead the Act. If, however, the complainants in this cause ever had any right to compel the defendant to refund the money paid by way of usury, they had, during a period of three years, a complete and adequate remedy at law. With a full knowledge of all the facts, and therefore, in legal contemplation, perfectly cognizant of their rights and remedy, they have been guilty of laches until by the lapse of time, their right of action may be barred by the operation of the Statute of Limitations; and they now ask a Court of equity to decree relief in equity, by wholly ignoring the fundamental maxim in which equity originated, and on which equitable jurisdiction has its foundation. The debt alleged to be due the complainants, if not wholly extinguished by being brought within the purview and operation of the Act of 1876, ch. 358, can yet be sued on in a Court of law, although more than three years have elapsed since the cause of action accrued. It is perfectly apparent that

this debt can be recovered and become the foundation for a judgment in a Court of law, unless the plea of limitations is interposed as a bar to the remedy. The debt itself is not extinguished by the operation of the Statute of Limitations, and Courts cannot assume that a party defendant will seek to bar the remedy by an interposition of the plea. Even if an action at law should eventually terminate in this result, it would be suggestive of the propriety of the application, by a Court of equity, of the maxim, "*vigilantibus non dormientibus jura subveniunt;*" or in other words, that the laws intervene to aid those who are active and vigilant, and not those who are sluggards and who sleep on their rights.

The defendant, in its answer, admits that the first two mortgages have been fully paid and satisfied, and releases of the same have been produced, which, the Circuit Court has decreed, shall be recorded and delivered to the complainants. The complainants have thus, by the concession and action of the defendant, obtained all the relief they are entitled to with respect to the two first mortgages, which have been thus released; but they insist on an account with respect to these two mortgages, so that the over-payment of interest may be ascertained and applied to the extinguishment of the debt still due on the third mortgage.

It is conceded by both sides that there has been an application of payments already made by agreement of the parties to the two first mortgages. Now the rule in regard to the application of payments is well defined. At the time when payment is made, there may be an application by agreement between debtor and creditor. If there be no such agreement the debtor may make the application; and, in the absence of any action on his part, the creditor may apply the money to the extinguishment of any claim which he has against the debtor. If there has been no application by parties, the law will apply the

payment in conformity with established and recognized rules. But the law never makes an application of payment when the parties have already done so. The law will not undertake to make a new contract for the parties. And this rule strictly governs, even in the case of an application of money to the payment of an item in an account current which is not recoverable in an action at law. Thus in *Tomlinson Carriage Co. vs. Kinsella,* 31 *Conn.,* 272, HINMAN, C, J., says:

" The party receiving money as the consideration of an *illegal sale,* may, under the statute, be liable to refund it. But to apply it by law as payment to other *lawful debts,* is, in effect, to make a *new contract* for the parties against their *wishes* and *intentions,* and different from that which the law raises from the *circumstances* that the money may be recovered back under the statute."

The language of the Supreme Court of Maine is even stronger. In the case of *Treadwell vs. Moore,* 34 *Maine,* 112, that Court said,

"No case can be found where the law by its own vigor has withdrawn a payment deliberately applied to the discharge of a claim, *however illegal,* and appropriated it in payment of some legal claim existing against the individual making the payment. No such principle, as applicable to the appropriation of payments, is recognized." The same doctrine was held in New Jersey when payments had been applied by a debtor to an illegal usurious contract. *Feldman vs. Gamble,* 26 *N. J. Eq.,* 494.

The principle seems to have been established and settled by a multitude of adjudications that the debtor cannot retract his application of payment to an illegal contract, nor can Courts either of law or equity intervene in his behalf, "whether the application be a present one made by the debtor himself, or by the creditor under a previous agreement with the debtor that it should be thus applied." And in conformity with this principle it has

been determined by a number of the appellate Courts, that when part of a creditor's claim was for liquors sold by him in violation of a statute, which part was not therefore collectible, and the debtor had made payments *specifically on those items,* the payments must be so applied, and not to other items which were for groceries and other goods, the sale of which was fully sanctioned by law. *Caldwell vs. Wentworth,* 14 *N. H.,* 431; *Richardson, et al. vs. Woodbury,* 12 *Cush.,* 279; *Hubbell vs. Flint,* 15 *Gray,* 550.

It must be borne in mind that in the cases just cited the illegal charges were in one account current. But in the case now under consideration, the transactions are distinct, although the mortgages are on the same real estate. The debt created by the last mortgage, may not have been in existence when usurious interest on the first had been received by the mortgagee. It seems to be impossible to discover any established principle by which usurious payments, by agreement of parties applied to the first mortgages, can, by mere operation of law, now be transferred to the subsequent debt created by the last.

The complainants were clearly not entitled to the relief invoked by their bill of complaint; and there being no error in the ruling of the Circuit Court, its decree should be affirmed with costs to the respondent.

*Decree affirmed.*

(Decided 12th February, 1885.)