# FRANK CAROZZA *v.* EDWARD J. BRANNAN, ADMR.

[No. 84, October Term, 1945]

124

*Decided March 14, 1946.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, and HENDERSON, JJ.

*A. David Gomborov,* with whom were *Gomborov & Gomborov* on the brief, for the appellant.

*Albert F. Wheltle,* with whom was *Julius A. Victor, Jr.,* on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

This is a suit in assumpsit for $2,293 brought by Frank Carozza against Edward J. Brannan, administrator *c. t. a.*

of the estate of Robert J. Cremen, deceased. The trial court, sitting without a jury, disallowed a charge for $700 for the use of a crane, and rendered judgment in favor of the plaintiff for $1,593. Plaintiff is appealing from the judgment on the ground that he should have been awarded the full amount of his claim.

In November, 1942, Carozza, a contractor, rented the crane to Cremen, who was engaged in the hauling and equipment business, for $700 a month. Cremen thereupon rented it to Arundel Corporation for the same amount. In February, 1943, Arundel Corporation returned it, and Cremen, with plaintiff's permission, then rented it to Byrne Organization, which used it from February 10 to March 10, 1943.

The evidence shows that Cremen received $1,843.37 from Arundel Corporation and $700 from Byrne Organization, making a total of $2,543.37 for the use of the crane for the whole period from November 22, 1942, to March 10, 1943. On the other hand, it appears that plaintiff received from Cremen only $1,843.37. Thus it is evident that Cremen owed plaintiff a balance of $700 on this account.

According to the evidence, plaintiff received three payments from Cremen: $700 on Janary 30, 1943; $443.37 on April 2, 1943; and $700 on April 2, 1943. It is the contention of the administrator of Cremen's estate that the word "Byrne" on the last check for $700, dated March 30, 1943, and payable to the order of Carozza, was a direction to Carozza to apply the payment on the charge for the final period from February 10 to March 10, 1943, and not as a credit on the balance due prior to that time. The administrator claims, therefore, that plaintiff cannot recover because the declaration implemented by bill of particulars claims $700 for the period from February 10 to March 10, and the charge for that period had been paid.

We recognize, of course, that a notation on a check may be either an application of payment on a particular account, or simply a memorandum for the convenience of the drawer. In *Ducket v. National Mechanics' Bank of Baltimore,* 86 Md. 400, 409, 38 A. 983, 986, 39 L. R. A. 84,

63 Am. St. Rep. 513, the court stated that a memorandum written on a check by the drawer for his own convenience. does not constitute a notice to the bank that the check is to be paid from, or credited to, a particular account. It appears from the record that the final check for $700 was written and signed by Cremen's bookkeeper, Miss Minnie Raber, not by Cremen himself. From a study of the evidence in the case, we find no doubt that the bookkeeper's notation of the word "Byrne" on the check was intended by her as a memorandum for her convenience and the convenience of her employer, not a direction to Carozza to apply the amount of the check in settlement of the charge for the period from February 10 to March 10, 1943.

It is the general rule that where a debtor owes a creditor on several accounts, he may apply a payment to the discharge of any particular debt he chooses; but if he does not specify the account on which he wishes to pay, the creditor may apply the payment. If neither makes the application, the law will make it according to the justice of the case, and usually to the payment of the earliest debt. *Calvert v. Carter,* 18 Md. 73, 84, 110; *Neidig v. Whiteford,* 29 Md. 178, 185; *Dickey v. Permanent Land Co.,* 63 Md. 170, 176; *Safe Deposit & Trust Co. of Baltimore v. Woodbridge,* 184 Md. 560, 42 A. 2d 231. On this appeal, however, we are confronted with a running account between the parties, rather than separate accounts. The account was between Carozza and Cremen, not between Carozza and the users of the crane. Where there is a running account between two parties, with debits and credits continually occurring, and no special appropriation is made by either party, the law applies payments so as to extinguish the debts according to priority of time, the first item on the debit side of the account being the item discharged or reduced by the first item on the credit side. *United States v. Kirkpatrick,* 9 Wheat. 720, 730, 738, 6 L. Ed. 199, 203, 204; *Trustees of German Lutheran Evangelical St. Matthew's Congregation v. Heise,* 44 Md. 453, 471. Therefore, the application of the $700 check dated March 30,

1943, to the payment of the balance antecedently due is lawful and proper.

Under our rules, when a preceeding at law has been tried by the court upon the facts, the court shall direct such judgment to be entered as it thinks right upon the evidence and the law; and an appeal from the judgment, if allowed by law, may be taken according to the practice in equity. Upon appeal the Court of Appeals may review upon both the law and the evidence, and may affirm, reverse, modify, or remand, as in appeals from equity. Rules of Practice and Procedure, Part 3, Trial Rule 9 (c).

As it is beyond doubt that plaintiff is justly entitled to be awarded the balance of $700 due for the use of the crane, as well as the other charges against defendant, we will modify the judgement and enter judgement for the full amount of the claim.

*Judgment modified, and judgment entered in favor of appellant against appellee for the sum of $2,293 with costs to appellant.*